# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA MAGDALENA MENDOZA ARAIZA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MACY'S CORPORATE SERVICES, INC. et al.,<br><br>　　　　　Defendants. | Case No.: 3:18-cv-01157-LAB-RBM<br><br>**ORDER ISSUING MONETARY SANCTIONS** |

Plaintiff GABRIELA MAGDALENA MENDOZA ARAIZA ("Plaintiff") commenced this action on November 15, 2017, in the Superior Court of the State of California, County of Imperial, seeking compensation for an injury she suffered when she fell on an escalator in the Macy's department store in El Centro, California. (Doc. 1.) She alleged general negligence, products liability, and premises liability causes of action. (*Id.*) Defendants MACY'S CORPORATE SERVICES, INC. and SCHINDLER ELEVATOR CORP jointly removed the action to federal court on June 4, 2018. (*Id.*) On November 29, 2018, the Court ordered the parties to personally attend an Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") in the chambers of the Honorable Ruth Bermudez Montenegro on February 6, 2019, and to submit ENE

1

3:18-cv-01157-LAB-RBM

statements no later than January 23, 2019. (Doc. 17.) The Court mandated that any requests to excuse the personal appearance of a party be made in the form of a motion filed no later than ten calendar days prior to the ENE. (*Id.*)

Plaintiff's counsel failed to submit an ENE statement before January 23, 2019, and instead submitted ENE statement on February 4, 2019. On the morning of the ENE, staff members from the office of Plaintiff's counsel contacted the Court, stated that they were unable to locate Plaintiff, and requested that the Court excuse Plaintiff's personal appearance. At the ENE, Plaintiff failed to appear, and Plaintiff's counsel Steven M. Yonan of Childers & Associates informed the Court that despite attempts to reach Plaintiff, his firm had lost contact with Plaintiff for an indeterminate period of time. Due to Plaintiff's absence, neither the ENE nor the CMC could proceed.

On February 7, 2019, the Court issued an Order to Show Cause, which set a hearing for March 6, 2019, and ordered Plaintiff and her counsel to show why sanctions should not be imposed. (Doc. 22.) In the Order, the Court ordered: (1) Plaintiff to file a declaration informing the Court why she did not appear at the ENE; (2) Plaintiffs counsel to file a declaration informing the Court why he failed to submit an ENE statement before the designated deadline and why he failed to request excuse of Plaintiff's personal attendance at the ENE before the designated deadline. Attorney Ryan D. Childers, also of Childers & Associates, filed a response to the Order to Show Cause, explaining the existence of "scheduling conflicts experienced with regard to Plaintiff's presence and participation at mediation sessions." (Doc. 5, at 5.) The declaration did not address why Plaintiff's counsel failed to submit an ENE statement before the designated deadline. (Doc. 5.) Plaintiff failed to submit a declaration entirely.

Any of these violations could be a basis for imposing monetary sanctions. *See* Fed. R. Civ. P. 16(f); Civ. L. R. 83.1(a). Plaintiff, although given an opportunity to do so, has provided no excuse for her failure to attend the ENE. Because of her failure to attend the ENE, Defense counsel and an insurance adjusted traveled to El Centro for a hearing that was immediately terminated, incurring unnecessary attorney's fees and costs.

| 1 | Plaintiff and her counsel have failed to comply with the Court's Orders of November 29, 2018 (Doc. 17), and February 7, 2019 (Doc. 22). As such, Plaintiff and her counsel should be sanctioned. The Court finds that the imposition of a $100.00 monetary sanction on Plaintiff and her counsel, jointly and severally, is both reasonable and just. *See* Fed. R. Civ. P 16(f)[1]; Civ L. R. 83.1(a). Accordingly, Plaintiff and her counsel are **ORDERED** to pay **$100.00** to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury on or before **April 8, 2019**.

**IT IS SO ORDERED.**

DATE: March 7, 2019

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court declines to order the payment of reasonable expenses, including attorney's fees, incurred as a result of Plaintiff's failure to appear because, given the current posture of the case, it would be unjust to require Defendants to incur any further attorney's fees and expenses in litigating this case, including the filing of declarations to substantiate an award of attorney's fees and expenses. *See* Fed. R. Civ. P. 16(f)(2); *see also Matter of Yagman*, 796 F.2d 1165, 1184-85 (9th Cir.), *opinion amended on denial of reh'g sub nom. In re Yagman*, 803 F.2d 1085 (9th Cir. 1986) ("When [a] sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees.").